"You are hereby commanded to take the body of Randolph Alexander, if to be found in your county, and cause him to appear before some justice of the peace for said county, to answer the complaint of Jesse Gambill in a plea of debt of $45, due by open account, and a hundredweight of bar iron. Herein fail not."
The judge refused the new trial, and from the sentence pronounced defendant appealed.
The three acts of Assembly first passed for the purpose of increasing the jurisdiction of single magistrates all employ the same language, viz., "debts and demands, where the balance due on any specialty, contract, note, or agreement, or for goods, wares, and merchandise sold and delivered, or for work and labor done."
It must be a "debt and demand," and there must be "a balance due," which necessarily confines it to those cases of express contract where the sum due and the interest must form the measure of the (183) judgment. The utmost extent to which these words can confer a jurisdiction as to implied assumpsits is to ascertain the value of labor, or the price of goods, where none has been agreed upon between the parties, and there has been an express contract of sale, or work done under a like contract. 1777, ch. 115; 1785, ch. 233; 1786, ch. 253.
The next act adds to the words, "or for specific articles, whether due by obligation, note, or assumpsit." There must still be a balance due, and an express contract to deliver specific articles. This would add little to the difficulty of transacting the business, because the price of the article, when it was due, might be easily ascertained. 1794, ch. 414. *Page 76 
But if we go beyond these limits, and extend the jurisdiction to all cases of implied assumpsit and special agreements, where the sum sought to be recovered is not a balance due, but damages for the nonperformance of an agreement, I apprehend we shall not only misconceive the views of the Legislature, but charge magistrates with a duty which but a small proportion of them is competent to discharge.
If this case were within the jurisdiction of a single magistrate, the cause of action must be the nonperformance of an agreement to make a proper application of iron left with R. Alexander; the sum recoverable would not be a balance due, but damages for the breach of the implied contract, of which the value of the iron would not be the necessary standard; but if a jury were to try it, they would be at liberty to take into view any further injury suffered by the plaintiff in consequence of the defendant's failure. It is, therefore, plain to my understanding that no jurisdiction is given but in those cases where there is a balance due, and where, also, that balance may be ascertained by a fixed, definite standard, furnished by the parties when they made the contract.
(184) Let it be considered for a moment that a wide door of difficult and, I may add, impracticable jurisdiction would be opened by a construction that should give to magistrates cognizance of all cases of assumpsit, express or implied. A person who should estimate the damage he had sustained as not exceeding $100 might warrant for a breach of promise of marriage, upon a contract of guaranty or indemnity, against an attorney or physician for neglect of duty, against carriers and bailees of every description, upon express and implied warranties as to the quality or title of the chattel sold, and upon many other cases which, although sounding in assumpsit, the ascertainment of what is due depends upon various nice and intricate points of law which can scarcely be properly decided but by a jury, aided by a court.
This never could have been the intention of the Legislature, nor will their language bear this construction, grammatically read; for "the balance due" restrains "debt and demand," and connects itself with every item of the ensuing enumeration.